Appeal from Westchester County Court.

Action by George E. Craft against the Peekskill Lighting & Railroad Company to recover for the killing of plaintiff's cow. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Nathan P. Bushnell, for appellant.
Eugene B. Travis, for respondent.

GAYNOR, J. The plaintiff's cows strayed along the country highway at night, and one of them was killed by the defendant's electric car thereon while crossing in front of it. That the cow was killed is not enough to prove that the defendant was negligent and therefore liable. And yet that is all this verdict is based on. The plaintiff gave no evidence of how the thing happened. The defendant called the motorman, who testified that the cow suddenly appeared before him about to cross the track 30 feet ahead. He did all he could to stop his car but could not stop it in time. The plaintiff's lack of evidence cannot be eked out by saying the motorman's evidence is improbable, or colored, or does not seem to be truthful; there must be evidence to support the verdict. It may well be that the cow did what we well know from our experience here that human beings often do, viz., suddenly went upon the track. We may be able to see that if she had been walking along the track for a considerable distance the motorman should have seen her in time; but we have no such case here. Dettmers v. Brooklyn Heights R. Co., 22 App. Div. 488, 48 N. Y. Supp. 23.

The judgment should be reversed.

Judgment and order of the County Court of Westchester county reversed, and new trial ordered; costs to abide the event. All concur, except HOOKER, J., who dissents.

(121 App. Div. 554.)

ONESTI v. CENTRAL NEW ENGLAND RY. CO.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—RAILROADS—ACT OF SUPER-INTENDENCE.

Where plaintiff, who was employed in defendant's railroad yard, was directed by his foreman to go between two cars standing near together in order to cross a track, at a time when cars were being kicked down the track against the standing cars, and as he hesitated the foreman told him to go ahead, and as he did so his arm was caught and crushed, the act of the foreman in hurrying plaintiff between the cars was a negligent act of superintendence, for which the railroad company was liable as provided by Employer's Liability Act, Laws 1902, p. 1748, c. 600, § 1.

2. SAME—ASSUMED RISK—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether plaintiff assumed the risk, and was himself negligent in remaining in the place, knowing it was dangerous, was for the jury, as ex-

pressly provided by Employer's Liability Act, Laws 1902, p. 1750, c. 600, § 3.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1068–1132.]

Appeal from Trial Term, Orange County.

Action by Luigi Onesti against the Central New England Railway Company. From a judgment for defendant on dismissal by the court at the close of plaintiff's evidence, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Hobart S. Bird, for appellant.
W. C. Anthony, for respondent.

GAYNOR, J. The plaintiff was employed by the defendant. He worked in the railroad yard. It was four miles long and had fourteen tracks. Cars were "kicked" down upon these tracks daily and often, so that many cars stood there. Many men worked there. The plaintiff was with a gang of men in the yard under the direction of a foreman. He directed them what to do, one thing and then another, and they had to cross the tracks among the cars. The foreman was leading them from one place to another to do some work. He directed them to go between two cars standing near together in order to cross a track. The plaintiff hesitated, and looked to see if the car toward the direction from which the cars were kicked might move, but the foreman told him to go ahead. He went on and the car did come down against the other car. His arm was caught and had to be amputated. The kicking engine was at work at the time, and the jury could have found that a car had just been kicked upon that track, and striking the first of a line of five or six cars, of which the one that hit the plaintiff was the last, drove them down, causing the collision that hurt the plaintiff. There was no other movement of cars going on.

The act of the foreman in directing and hurrying the plaintiff between the cars when a car was being kicked down that track was an act of superintendence, and it was for the jury to say if it was not negligent. He was in the exercise of his authority and superintendence in leading and directing the men at the time. The rule that such negligence would be the negligence of the master applied to the case, for the action was brought under the employer's liability act (Laws 1902, p. 1748, c. 600), which contains such rule (section 1), and also another rule that the question of the assumption of the risk by the plaintiff or of his contributory negligence, by remaining in the place knowing it was dangerous, was a question of fact for the jury (section 3).

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.